# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN TOYEBO, | No. 2:12-cv-2268-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| S. HUBARD, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 16).

## I.   BACKGROUND

Petitioner was convicted in the Sacramento County Superior Court of first degree murder in 1989, and was sentenced to 32 years to life. (Pet., Doc. 1, at 1). A parole consideration hearing for petitioner was held on December 2, 2009. At that hearing, the Board of Parole Hearings determined petitioner was not suitable for parole, and denied petitioner parole for ten years. (See Pet., Ex. B). The Board's decision was rendered at the time of the hearing on

December 2, 2009, but states it was not final until April 1, 2010.  (Id.)  Petitioner filed a habeas petition with the Kings County Superior Court on March 6, 2011, which was apparently transferred to the Sacramento County Superior Court on May 9, 2011.  The Sacramento County Superior Court denied the petition on December 12, 2011.  Petitioner continued to proceed on his petition though the State courts.  His final state petition filed with the California Supreme Court was denied on July 11, 2012.  Petitioner submitted the instant petition on August 28, 2012, which was received by the court and filed on September 4, 2012.

## II.  MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant 28 U.S.C. § 2244(d).

/ / /

/ / /

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  See Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).  In this case, the petition pending in this court was effectively filed on August 28, 2012, and therefore, it is subject to the provisions of AEDPA.  AEDPA imposes a one-year statute of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2254(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), that is, the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.  See Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004), Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.

2003). In habeas proceedings challenging an administrative decision, courts within the Ninth Circuit, relying on the opinions in Shelby and Redd, have determined that discovery of the factual predicate cannot occur until the administrative decision is final. See Shelby, 391 F.3d at 1065-66; Redd, 343 F.3d at 1084-85; Tafoya v. Subia, 2:07cv2389, 2010 WL 668920 *2-3 (E.D. Cal. Feb. 23, 2010).

Here, petitioner is challenging the December 2, 2009, denial of parole, which was final on April 1, 2010. As stated above, the statute of limitations period does not start to run until a parole denial is "final." Therefore, the statue of limitations began on April 2, 2010, the day after the Board's decision became final. Petitioner filed his state habeas petition on March 6, 2011, and the limitations period was tolled until the California Supreme Court's denial on July 11, 2012. Thus, 338 days of the 365 day statute of limitations ran between Board's decision and the time petitioner filed his first state habeas petition. Following the California Supreme Court's denial of his petition on July 11, 2012, the statute began running again. Petitioner then waited another 48 days between the denial of his petition by the California Supreme Court and filing his federal petition in this court, for a total of 386 days. Thus, petitioner's petition was filed 21 days beyond the statute of limitations. Petitioner's federal habeas petition was therefore untimely, and the motion to dismiss should be granted on this ground.[1]

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 16) be granted.

///

---

[1] Respondent also contends petitioner's claims challenging the basis of the Board's decision are not cognizable based on Swarthout v. Cook, 131 S. Ct. 859, 862 (2011) and his ex post facto claims do not invoke Federal jurisdiction as his claim would not necessarily achieve an earlier release from prison and his claim would be included in the Gilman class action. As his petition is untimely, and petitioner does not oppose the motion to dismiss, the court need not specifically address these other arguments.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE